Filed 8/18/16  P. v. Page CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069156 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250178) |
| SAMPSON LOUIS PAGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Benjamin Boyce Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

Sampson Louis Page pleaded guilty to one count of disturbing the peace.  (Pen. Code, § 415.)  His plea agreement included a waiver of the right to appeal the stipulated sentence.  Page appeals under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and

*Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We offered Page the opportunity to file his own brief on appeal but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, the district attorney charged Page by amended information with four counts of felony child abuse (Pen. Code, § 273a, subd. (a)) and one count each of possession for sale of a controlled substance (Health & Saf. Code, § 11378), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and possession of paraphernalia used for narcotics (Health & Saf. Code, § 11364.1, subd. (a)). The People subsequently added two charges of contributing to the delinquency of a minor (Pen. Code, § 272) and one count of disturbing the peace (Pen. Code, § 415).

The court denied Page's different motions filed under *People v. Marsden* (1970) 2 Cal.3d 118, 124-125 (*Marsden*) to substitute his appointed attorney.

In October 2015, the court denied Page's motion to withdraw his guilty plea as to all counts.  Subsequently, in exchange for Page's guilty plea to disturbing the peace, the court dismissed the other charges.  The court denied probation and sentenced Page to time served.

Page timely filed a notice of appeal.  The trial court denied his request for a certificate of probable cause.

DISCUSSION

Appellate counsel has identified the following issues that "might arguably support the appeal" (*Anders, supra,* 386 U.S. at p. 744):

(1)  Is Page's guilty plea constitutionally valid?

2

(2) Did the trial court err by denying Page's motion to withdraw his plea?

(3) Did the trial court err by denying Page's *Marsden* motions?

(4) Did the trial court err by failing to appoint a new attorney to file a motion to withdraw the plea?

(5) Was Page's waiver of the right to appeal valid?

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, including the issues referred to by counsel, has disclosed no reasonably arguable appellate issues. Page has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

McDONALD, J.

3